UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MOISES JOSUE CORTEZ,<br><br>                      Plaintiff,<br><br>v.<br><br>BRANDON STUBBS, *et al.*,<br><br>                      Defendants. | Case No. 3:21-CV-00316-ART-CLB<br><br>**ORDER GRANTING MOTION TO AMEND**<br><br>[ECF No. 30] |

Before the Court is Plaintiff Moises Josue Cortez's ("Cortez") motion for leave to file a first amended complaint. (ECF No. 30.) No opposition was filed. For the reasons stated below, the Court grants Cortez's motion to amend.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Cortez is an inmate in the custody of the Nevada Department of Corrections ("NDOC") and is currently housed at the Ely State Prison ("ESP"). Cortez initiated this action on July 23, 2021, by filing an application to proceed *in forma pauperis* and civil rights complaint. (ECF No. 1.) Pursuant to 28 U.S.C. § 1915A, the District Court screened Cortez's complaint and allowed him to proceed on claims for (1) Eighth Amendment excessive force against Defendants Weiland, Guzman, Johnson, and Does, (2) Eighth Amendment deliberate indifference to serious medical needs against Defendants Searle and Does, and (3) First Amendment retaliation against Defendants Weiland and Stubbs. (ECF No. 3.) The District Court dismissed, with prejudice, a denial of access to courts claim and dismissed, without prejudice, a Fourteenth Amendment due process claim. (*Id.*)

On May 9, 2022, the Court entered a discovery plan and scheduling order setting the deadline to amend pleadings for July 11, 2022. (ECF No. 22.) On July 8, 2022, Cortez filed the instant motion for leave to file a first amended complaint along with his proposed first amended complaint. (ECF Nos. 30, 30-1.) Cortez seeks to amend his complaint to name additional Defendants and Doe Defendants. (ECF No. 30.) Defendants did not file

an opposition or otherwise respond to the motion.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) instructs that "[t]he court should freely give[] leave [to amend a pleading] when justice so requires." The Ninth Circuit has made clear Rule 15(a) permits liberal application. *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). Under Rule 15(a), courts consider various factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) the futility of the amendment; and (5) whether the plaintiff has previously amended his complaint. *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014). The factors do not weigh equally; rather, prejudice receives the greatest weight. *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (citing *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)).

Defendants bear the burden of establishing prejudice, and absent its presence or a "strong showing" under the other factors, there is a presumption in favor of permitting amendment. *Eminence Cap., LLC*, 316 F.3d at 1052 (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186-87 (9th Cir. 1987)). When considering prejudice, the court may weigh against the movant the amended pleading's great alteration of the litigation's nature that requires the opposing party to defend against "different legal theories and . . . different facts." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (internal quotation omitted). Alone, such alteration is not fatal. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

By contrast, futility "alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2003) (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)). Futility arises when the amendment is legally insufficient, *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017), or where the amended complaint would be subject to dismissal, such as when it violates the statute of limitations. *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1060 (9th Cir. 2008).

///

## III. DISCUSSION

Cortez timely moves to amend his complaint to add additional defendants and name Doe Defendants to his claims. (ECF No. 30.) Specifically, Cortez asserts his Eighth Amendment excessive force claim against Defendants Weiland, Guzman, Brown, Cox, Reubart, and Stubbs, (2) his Eighth Amendment deliberate indifference to serious medical needs claim against Defendants Searle, Rigney, Johnson, Kleer, Edwards, Guzman, Weiland, Brown, Herny, Cox, Stubbs, Reubart, Drummond, Davis, John Doe 1, and John Doe 2, and (3) his First Amendment retaliation claim against Defendants Weiland, Stubbs, Searle, Guzman, Brown, Cox, Kleer, Johnson, Edwards, Rigney, Davis, Reubart, Drummond, Herny, John Doe 1, and John Doe 2. No opposition to the motion was filed and the time to file an opposition has passed.

The Court finds that the motion to amend should be granted, as the above factors discussed in *Desertrain* weigh in Cortez's favor. First, rather than bad faith, the record demonstrates that Cortez is acting in good faith to amend his complaint to add defendants and name Doe Defendants. Second, the scheduling order allowed the parties to file amended pleadings until July 11, 2022. Therefore, the Court finds that Cortez did not delay in seeking amendment.

Third, Defendants are not prejudiced by the amendment, as it merely seeks to properly name Doe defendants. Thus, the Court does not find that the amended complaint greatly alters the litigation's nature or requires an entirely new course of defense. *Morongo Band of Mission Indians,* 893 F.2d at 1079. Amendment is not futile, as the proposed amended complaint seeks to reduce Doe allegations by naming those defendants. Finally, this is Cortez's first amended pleading, thus this factor weighs in his favor. In sum, the above *Desertrain* factors each weigh in Cortez's favor, and, therefore, the Court concludes that amendment is proper.

Additionally, pursuant to LR 7-2(d), the failure of an opposing party to file points and authorities in response to any motion constitutes a consent to the granting of the motion. For these reasons, Cortez's motion to amend is granted.

## IV. CONCLUSION

For the reasons discussed above, **IT IS ORDERED** that Cortez's motion for leave to file a first amended complaint, (ECF No. 30), is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **FILE** Cortez's first amended complaint, (ECF No. 30-1), which is now the operative complaint in this case.

**IT IS FURTHER ORDERED** that the first amended complaint will **PROCEED** with:

- Eighth Amendment excessive force claim against Defendants Weiland, Guzman, Brown, Cox, Reubart, and Stubbs;
- Eighth Amendment deliberate indifference to serious medical needs claim against Defendants Searle, Rigney, Johnson, Kleer, Edwards, Guzman, Weiland, Brown, Herny, Cox, Stubbs, Reubart, Drummond, Davis, John Doe 1, and John Doe 2; and,
- First Amendment retaliation claim against Defendants Weiland, Stubbs, Searle, Guzman, Brown, Cox, Kleer, Johnson, Edwards, Rigney, Davis, Reubart, Drummond, Herny, John Doe 1, and John Doe 2.

**IT IS FURTHER ORDERED** that within twenty-one (21) days of the date of entry of this order, the Attorney General's Office shall file notice advising the Court and Cortez of whether it can or cannot accept service on behalf of Defendants Shane Brown, Jesse Cox, Kleer, Edwards, Rigney, David Drummond, William Reubart, Davis, and/or Herny. If the Attorney General's Office cannot accept service on behalf of Shane Brown, Jesse Cox, Kleer, Edwards, Rigney, David Drummond, William Reubart, Davis, and/or Herny, the Office shall file, under seal, but shall not serve on Cortez, the last known address of Shane Brown, Jesse Cox, Kleer, Edwards, Rigney, David Drummond, William Reubart, Davis, and/or Herny, if it has such information. If the last known address of Shane Brown, Jesse Cox, Kleer, Edwards, Rigney, David Drummond, William Reubart, Davis, and/or Herny is a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical address for these defendants. If service cannot be accepted for Shane Brown, Jesse Cox, Kleer, Edwards, Rigney, David Drummond, William Reubart, Davis, and/or Herny, Cortez shall file a motion requesting issuance of a

summons, specifying a full name and address for Shane Brown, Jesse Cox, Kleer, Edwards, Rigney, David Drummond, William Reubart, Davis, and/or Herny. If the Attorney General has not provided last-known-address information, Cortez shall provide the full name and address for Shane Brown, Jesse Cox, Kleer, Edwards, Rigney, David Drummond, William Reubart, Davis, and/or Herny.

**IT IS FURTHER ORDERED** that Defendants shall file and serve an answer or other response to the first amended complaint within **60 days** from the date of this order.

**IT IS SO ORDERED.**

**DATED**: July 25, 2022.

**UNITED STATES MAGISTRATE JUDGE**