**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| MOISES JOSUE CORTEZ, | Case No. 3:21-CV-00316-ART-CLB |
| Plaintiff, | **ORDER DENYING MOTION TO APPOINT COUNSEL** |
| v. | |
| BRANDON STUBBS, et. al., | [ECF No. 57] |
| Defendants. | |

Before the Court is Plaintiff Moises Josue Cortez's ("Cortez") motion for appointment of counsel. (ECF No. 57.) For the reasons discussed below, the motion for appointment of counsel, (ECF No. 57), is denied.

There is no constitutional right to appointed counsel in a § 1983 action. *E.g., Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *opinion reinstated in pertinent part*, 154 F.3d 952, 954 n.1 (9th Cir. 1998) (en banc). The provision in 28 U.S.C. §1915(e)(1) gives the court discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see, e.g., Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1998) (en banc.)  While the decision to request counsel lies within the discretion of the district court, the court may exercise this discretion to request counsel only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

A finding of "exceptional circumstances" requires the court to evaluate (1) the plaintiff's likelihood of success on the merits and (2) the Plaintiff's ability to articulate his claims *pro se* considering the complexity of the legal issues involved. *Id.* (quoting *Wilborn*, 789 F.2d at 1331) (internal quotation marks omitted). Neither factor is dispositive, and both factors must be considered before a court decides. *Id.* The difficulties every litigant faces when proceeding *pro se* does not qualify as an exceptional circumstance. *Wood v. Housewright*, 900 F. 2d 1332, 1335-36 (9th Cir. 1990). While almost any *pro se* litigant would benefit from the assistance of competent counsel, such

a benefit does not rise to the level of "exceptional circumstances." *Rand*, 113 F.3d at 1525. Rather, the plaintiff must demonstrate that he is unable to articulate his claims due to their complexity. *Id.*

In the motion, Cortez does not address whether he is likely to succeed on the merits of his claim. Pursuant to the screening order, this case is proceeding on three claims: (1) an Eighth Amendment claim due to the use of excessive force; (2) an Eighth Amendment deliberate indifference to a series medical need; and (3) a First Amendment retaliation claim. (ECF No. 3.) Therefore, the Court will assume for purposes of the deciding this motion that Cortez has a likelihood of success on the merits.

However even if Cortez is likely to succeed on the merits of his claims, exceptional circumstances do not exist in this instance. In the motion, Cortez simply states that he is unable to afford counsel, that due to his imprisonment his ability to litigate the case and conduct legal research will be limited, and a trial will likely "involve conflicting evidence" and counsel would better enable him to present evidence and cross examine witnesses. (ECF No. 57.) These conclusory allegations do not address the complexity of the issues in this case or otherwise establish that exceptional circumstances exist. To the contrary, Cortez's circumstances are unexceptional as compared to most prisoner civil rights cases.

Moreover, throughout the pendency of this action, Cortez has demonstrated that he can articulate his claims to the Court. Because Cortez has not demonstrated exceptional circumstances, the Court **DENIES** the motion. (ECF No. 57.)

**DATED**: January 12, 2023

_____
**UNITED STATES MAGISTRATE JUDGE**