UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| MOISES JOSUE CORTEZ, | Case No. 3:21-CV-00316-ART-CLB |
|---|---|
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART STIPULATION TO EXTEND TIME** |
| v. | |
| B. STUBBS, *et. al.*, | [ECF No. 82] |
| Defendants. | |

Before the Court is the parties' stipulation to extend the response deadline to Defendants' motion for summary judgment. (ECF No. 82.) The stipulation requests an extension of 90 days. For the reasons discussed below, the motion, (ECF No. 82), is granted in part and denied in part.

## I.   BACKGROUND

Plaintiff Moises Josue Cortez ("Cortez") is formerly an inmate in the custody of the Nevada Department of Corrections ("NDOC"). Cortez initiated this action on July 23, 2021, by filing an application to proceed *in forma pauperis* and civil rights complaint. (ECF No. 1.) Pursuant to 28 U.S.C. § 1915A, the District Court screened Cortez's complaint and allowed him to proceed on claims for (1) Eighth Amendment excessive force against Defendants Weiland, Guzman, Johnson, and Does, (2) Eighth Amendment deliberate indifference to serious medical needs against Defendants Searle and Does, and (3) First Amendment retaliation against Defendants Weiland and Stubbs. (ECF No. 3.) The District Court dismissed, with prejudice, a denial of access to courts claim and dismissed, without prejudice, a Fourteenth Amendment due process claim. (*Id.*)

Cortez filed a motion for leave to file a first amended complaint, which the Court granted as unopposed. (ECF Nos. 30, 32.) Thus, the first amended complaint is the operative complaint in this case and alleges the following claims:

- Eighth Amendment excessive force claim against Defendants Weiland, Guzman, Brown, Cox, Reubart, and Stubbs;

- Eighth Amendment deliberate indifference to serious medical needs claim against Defendants Searle, Rigney, Johnson, Kleer, Edwards, Guzman, Weiland, Brown, Herny, Cox, Stubbs, Reubart, Drummond, Davis, John Doe 1, and John Doe 2; and,

- First Amendment retaliation claim against Defendants Weiland, Stubbs, Searle, Guzman, Brown, Cox, Kleer, Johnson, Edwards, Rigney, Davis, Reubart, Drummond, Herny, John Doe 1, and John Doe 2.

(ECF Nos. 32, 33.)

On September 20, 2022, several Defendants filed their answer. (ECF No. 44.) On November 4, 2022, the remaining Defendants filed a joinder to the answer. (ECF No. 50.) After several extensions to the discovery plan and scheduling order, Defendants filed their motion for summary judgment on April 20, 2023. (ECF No. 66.) On April 25, 2023, the Court *sua sponte* ordered Cortez to file a change of address and stayed this case in its entirety until May 25, 2023, or until Cortez filed a notice of change of address. (ECF No. 72.) On May 2, 2023, a notice of appearance was filed by attorney James Urrutia on behalf of Cortez. (ECF No. 73.) The Court construed the notice of appearance as a notification of change of address for the purposes of the Court's prior order. (ECF No. 72). Therefore, the Court lifted the stay and ordered the Attorney General's office to provide Cortez's attorney with copies of all discovery previously provided to Cortez in this case, along with complete copies of Cortez's medical records and inmate "I-file", by no later than Friday, June 2, 2023. (ECF No. 74.) Additionally, in light of the notice of appearance, the Court extended the response deadline to Defendants' motion for summary judgment, (ECF No. 66), to Friday, July 14, 2023. (*Id.*)

On May 23, 2023, a notice of change of deputy attorney general was filed on behalf of Defendants. (ECF No. 76.) On June 9, 2023, a second notice of change of deputy attorney general was filed on behalf of Defendants. (ECF No. 77.) On July 6, 2023, the parties filed a stipulated protective order and confidentiality agreement, (ECF No. 80), which the Court adopted, (ECF No. 81). Finally, on July 11, 2023, the parties filed the

instant stipulation for extension of time (ECF No. 82).

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 16(b)(4) governs the modification of scheduling orders and discovery plans. Fed. R. Civ. P. 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." The good cause inquiry focuses primarily on the movant's diligence. *DRK Photo v. McGraw-Hill Global Educ. Holdings, LLC*, 870 F.3d 978, 989 (9th Cir. 2017). Local Rule 26-3 supplements Fed. R. Civ. P. 16 and provides that discovery plans and scheduling orders may be modified for good cause, provided that a motion to extend is made "no later than 21 days before the expiration of the subject deadline." *See* LR 26-3; see also LR IA 6-1. "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010).

## III.   DISCUSSION

While the stipulation states that good cause exists to grant an extension of time, the motion does not make clear why Cortez needs <u>90</u> additional days to file a response to the motion for summary judgment. To the extent the request is based on defense counsel having just turned over sealed documents, this is unacceptable. The Court ordered Defendants to turn over all discovery, medical records, and Cortez's I-File by June 2, 2023. (*See* ECF No. 74.) There is no reason for Defendants to not have turned over all these materials prior to the protective order being granted on July 7, 2023. Defense counsel is strongly admonished that she must follow the Court's orders, and the failure to do so will result in sanctions. Nonetheless, the stipulation, (ECF No. 82), is **granted, in part, and denied, in part**. Cortez will have until **Monday, August 28, 2023** to file an opposition to the motion for summary judgment and Defendants will have until **Monday, September 11, 2023** to reply. <u>**No further extensions of time will be granted in relation to the motion for summary judgment.**</u>

**DATED**: July 12, 2023.

_____
**UNITED STATES MAGISTRATE JUDGE**

3