# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

MOISES JOSUE CORTEZ,

    Plaintiff,

v.

BRANDON STUBBS, *et al.*,

    Defendants.

Case No. 3:21-CV-00316-ART-CLB

**ORDER DENYING MOTIONS TO SEAL**

[ECF Nos. 85, 87]

    Before the Court are Plaintiff's motions for leave to file exhibits 3, 6, 7 and 14 under seal in support of their opposition to Defendants' motion for summary judgment. (ECF Nos. 85, 87.)[1] The only basis provided for the request to seal is Plaintiff's claim that the exhibits consist of information "designated as confidential" pursuant to the parties' stipulated protective order" which Plaintiff claims supports his request to seal these exhibits. (*Id*. at 1-2.) Neither of Plaintiff's motions address the proper standard for the sealing of documents in federal court nor do the motions even describe what the exhibits consist of that he is seeking to "seal."

    The party's designation of materials as "confidential" pursuant to a stipulated protective order does not in turn mean that those documents are entitled to protection from public view when filed in public legal proceeding. Rather, the Ninth Circuit has made clear, "[t]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Courthouse News Serv. v. Planet*, 947 F.3d 581, 591 (9th Cir. 2020) (quoting *Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1069 (7th Cir. 2018)). Certain documents are exceptions to this

---

[1] Plaintiff filed two identical motions for leave to seal these exhibits in violation of General Order 2021-5. *See* General Order 2021-5 3(f). Plaintiff and his counsel are advised that failure to the follow General Order 2021-5 in the future may result in sanctions.

right and are generally kept secret for policy reasons, including grand jury transcripts and warrant materials in a pre-indictment investigation. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Moreover, "the presumption of access is not rebutted where documents which are the subject of a protective order are filed with the court as attachments to summary judgment motions." *Foltz v. State Farm Mutual Auto. Insurance Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003.)

If a party seeks to file a document under seal, there are two possible standards the party must address: the compelling reasons standard or the good cause standard. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016). The choice between the two standards depends on whether the documents proposed for sealing accompany a motion that is "more than tangentially related" to the merits of the case. *Id.* at 1099. If it is more than tangentially related, the compelling reasons standard applies. If not, the good cause standard applies. *Ctr. for Auto Safety*, 809 F.3d at 1102.

Here, Plaintiff seeks to file certain exhibits under seal in connection with his opposition to Defendants' motion for summary judgment, which are "more than tangentially related" to the merits of a case. Therefore, the compelling reasons standard applies.

Under the compelling reasons standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *United States v. Carpenter*, 923 F.3d 1172, 1179 (9th Cir. 2019) (quoting *Ctr. for Auto Safety*, 809 F.3d at 1096-97) (alteration in original). Finding a compelling reason is "best left to the sound discretion" of the Court. *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)).

Here, Plaintiff has sought leave to file the exhibits at issue under seal pursuant to the party's stipulated protective order. However, Plaintiff has failed to provide any information about what the exhibits are that he seeks to seal. In addition, the motions contain no legal authorities or attempts to explain how the compelling reason standard is

met in order to support these exhibits being placed under seal. Therefore, it is unclear on what basis or what argument Plaintiff believes supports these records being filed under seal in this case.

Moreover, the Court has reviewed the exhibits that Plaintiff seeks to file under seal. These exhibits consist of investigative reports, which the Court routinely receives in other inmate civil rights cases and are rarely, if ever, filed under seal. The Court also notes that there does not appear to be any "confidential" stamp on these documents establishing that they were designated as confidential under the terms of the protective order by Defendants as asserted by Plaintiff's motions. (*See* ECF No. 81 at ¶ 3(a).) Therefore, Plaintiff has failed to establish that the compelling reasons standard applies in this case and the motions must be denied.

Accordingly, Plaintiff's motions to seal, (ECF Nos. 85, 87), are **DENIED.**

**IT IS SO ORDERED.**

DATED: September 13, 2023

_____
UNITED STATES MAGISTRATE JUDGE