UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MOISES JOSUE CORTEZ,<br><br>                Plaintiff,<br><br>v.<br><br>BRANDON STUBBS, *et al.*,<br><br>                Defendants. | Case No. 3:21-CV-00316-ART-CLB<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1]<br><br>[ECF No. 66] |

    This case involves a civil rights action filed by Plaintiff Moises Josue Cortez ("Cortez") against Defendants Shane Brown ("Brown"), Jesse Cox ("Cox"), Christopher Davis ("Davis"), David Drummond ("Drummond"), Jose Guzman ("Guzman"), Sean Johnson ("Johnson"), Macelen Kleer ("Kleer"), Chet Rigney ("Rigney"), William Ruebart ("Ruebart"), Angela Searle ("Searle"), Brandon Stubbs ("Stubbs"), and James Weiland ("Weiland") (collectively referred to as "Defendants"). Currently pending before the Court is Defendants' motion for summary judgment. (ECF Nos. 66, 68.)[2] Cortez opposed the motion, (ECF Nos. 84, 85, 86)[3], and Defendants replied. (ECF Nos. 93, 94.)[4] For the reasons stated below, Defendants' motion for summary judgment, (ECF No. 66), is denied.

///

---

[1]     This Report and Recommendation is made to the Honorable Anne R. Traum, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

[2]     ECF No. 68 consists of exhibits in support of the motion for summary judgment filed under seal.

[3]     ECF No. 85 consists of exhibits in support of the response to the motion for summary judgment filed under seal. ECF No. 86 is a manual filing, which consists of a DVD with video footage.

[4]     ECF No. 94 is an erratum to the reply to the motion for summary judgment.

I.   **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Cortez is formerly an inmate in the custody of the Nevada Department of Corrections ("NDOC"). The events related to this case occurred while Cortez was housed at the Ely State Prison ("ESP"). On July 23, 2021, proceeding *pro se*, Cortez filed an inmate civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF Nos. 1-1, 4.)

Thereafter, on June 21, 2022, Cortez filed a motion to amend his complaint, which the Court ultimately granted. (ECF Nos. 27, 32.) Thus, Cortez's amended complaint, (ECF No. 33), is the operative complaint in this case. The amended complaint was allowed to proceed on claims for: (1) Eighth Amendment excessive force against Defendants Weiland, Guzman, Brown, Cox, Reubart, and Stubbs; (2) Eighth Amendment deliberate indifference to serious medical needs against Defendants Searle, Rigney, Johnson, Kleer, Edwards, Guzman, Weiland, Brown, Herny, Cox, Stubbs, Reubart, Drummond, Davis, John Doe 1, and John Doe 2; and, (3) First Amendment retaliation against Defendants Weiland, Stubbs, Searle, Guzman, Brown, Cox, Kleer, Johnson, Edwards, Rigney, Davis, Reubart, Drummond, Herny, John Doe 1 and John Doe 2. (ECF No. 32.)

On April 20, 2023, Defendants filed the instant motion for summary judgment arguing: (1) the spontaneous use of force was necessary because Cortez attempted to batter an officer and the force used was reasonable; (2) Defendants were not deliberately indifferent to Cortez's medical needs; (3) any adverse action taken against Cortez was done for legitimate purposes of restoring order in the institution and penalizing Cortez for his own misconduct; and (4) Defendants are entitled to qualified immunity. (ECF No. 66.)

On May 2, 2023, Attorney James Urrutia made a notice of appearance on behalf of Cortez. (ECF No. 69.) On June 16, 2023, Defendants Edwards and Henry/Herny were dismissed without prejudice for a failure to effectuate service pursuant to Fed. R. Civ. P. 4(m). (ECF No. 79.) On August 28, 2023, Cortez filed his response to the motion for summary judgment. (ECF No. 84.) Defendants' reply was filed on October 3, 2023. (ECF No. 93.)

///

## II. LEGAL STANDARDS

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The substantive law applicable to the claim determines which facts are material. *Coles v. Eagle*, 704 F.3d 624, 628 (9th Cir. 2012) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)). Only disputes over facts that address the main legal question of the suit can preclude summary judgment, and factual disputes that are irrelevant are not material. *Frlekin v. Apple, Inc.*, 979 F.3d 639, 644 (9th Cir. 2020). A dispute is "genuine" only where a reasonable jury could find for the nonmoving party. *Anderson*, 477 U.S. at 248.

The parties subject to a motion for summary judgment must: (1) cite facts from the record, including but not limited to depositions, documents, and declarations, and then (2) "show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Documents submitted during summary judgment must be authenticated, and if only personal knowledge authenticates a document (i.e., even a review of the contents of the document would not prove that it is authentic), an affidavit attesting to its authenticity must be attached to the submitted document. *Las Vegas Sands, LLC v. Neheme*, 632 F.3d 526, 532-33 (9th Cir. 2011). Conclusory statements, speculative opinions, pleading allegations, or other assertions uncorroborated by facts are insufficient to establish the absence or presence of a genuine dispute. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).

The moving party bears the initial burden of demonstrating an absence of a genuine dispute. *Soremekun*, 509 F.3d at 984. "Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Soremekun*, 509 F.3d at 984. However, if the moving party does not bear the burden of proof at trial, the moving party may meet their initial burden by demonstrating either: (1) there is an absence of

evidence to support an essential element of the nonmoving party's claim or claims; or (2) submitting admissible evidence that establishes the record forecloses the possibility of a reasonable jury finding in favor of the nonmoving party. *See Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 593-94 (9th Cir. 2018); *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). The court views all evidence and any inferences arising therefrom in the light most favorable to the nonmoving party. *Colwell v. Bannister*, 763 F.3d 1060, 1065 (9th Cir. 2014). If the moving party does not meet its burden for summary judgment, the nonmoving party is not required to provide evidentiary materials to oppose the motion, and the court will deny summary judgment. *Celotex*, 477 U.S. at 322-23.

Where the moving party has met its burden, however, the burden shifts to the nonmoving party to establish that a genuine issue of material fact actually exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, (1986). The nonmoving must "go beyond the pleadings" to meet this burden. *Pac. Gulf Shipping Co. v. Vigorous Shipping & Trading S.A.*, 992 F.3d 893, 897 (9th Cir. 2021) (internal quotation omitted). In other words, the nonmoving party may not simply rely upon the allegations or denials of its pleadings; rather, they must tender evidence of specific facts in the form of affidavits, and/or admissible discovery material in support of its contention that such a dispute exists. *See* Fed.R.Civ.P. 56(c); *Matsushita,* 475 U.S. at 586 n. 11. This burden is "not a light one," and requires the nonmoving party to "show more than the mere existence of a scintilla of evidence." *Id.* (quoting *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010)). The non-moving party "must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor." *Pac. Gulf Shipping Co.*, 992 F.3d at 898 (quoting *Oracle Corp. Sec. Litig.*, 627 F.3d at 387). Mere assertions and "metaphysical doubt as to the material facts" will not defeat a properly supported and meritorious summary judgment motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

///

When a *pro se* litigant opposes summary judgment, his or her contentions in motions and pleadings may be considered as evidence to meet the non-party's burden to the extent: (1) contents of the document are based on personal knowledge, (2) they set forth facts that would be admissible into evidence, and (3) the litigant attested under penalty of perjury that they were true and correct. *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).

Upon the parties meeting their respective burdens for the motion for summary judgment, the court determines whether reasonable minds could differ when interpreting the record; the court does not weigh the evidence or determine its truth. *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1018 (9th Cir. 2015). The court may consider evidence in the record not cited by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3). Nevertheless, the court will view the cited records before it and will not mine the record for triable issues of fact. *Oracle Corp. Sec. Litig.*, 627 F.3d at 386 (if a nonmoving party does not make nor provide support for a possible objection, the court will likewise not consider it).

### III.    DISCUSSION

Defendants move for summary judgment, asserting: (1) the spontaneous use of force was necessary because Cortez attempted to batter an officer and the force used was reasonable; (2) Defendants were not deliberately indifferent to Cortez's medical needs; (3) any adverse action taken against Cortez was done for legitimate purposes of restoring order in the institution and penalizing Cortez for his own misconduct; and, (4) Defendants are entitled to qualified immunity. (ECF No. 66.)

In support of their motion for summary judgment, Defendants submit numerous exhibits: (1) historical bed assignments; (2) offender information summary; (3) investigation detail reports; (4) notice of charges; (5) inmate disciplinary history report; (6) medical kites; (7) practitioner/physician orders; (8) KOP medication log; (9) consultation request/report; (10) progress notes; (11) radiology report; and, (12) summary of disciplinary hearing. (*See* ECF Nos. 66-1, 66-3, 66-4, 66-5, 66-6, 66-14, 68-1 (sealed),

68-2 (sealed), 68-3 (sealed), 68-4 (sealed), 68-5 (sealed), 68-6 (sealed), 68-7 (sealed).) However, none of these documents have been properly authenticated by an NDOC custodian of records.

The Ninth Circuit has repeatedly held that unauthenticated documents—documents that do not have a proper foundation—cannot be considered on a motion for summary judgment. *Orr v. Bank of America*, 285 F.3d 764, 773 (9th Cir. 2002), citing *Cristobal v. Seigel*, 26 F.3d 1488, 1494 (9th Cir. 1994), *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550–51 (9th Cir. 1989), *Beyene v. Coleman Security Services, Inc.*, 854 F.2d 1179, 1182 (9th Cir. 1988), *Canada v. Blain's Helicopters, Inc.*, 831 F.2d 920, 925 (9th Cir. 1987) and *Hamilton v. Keystone Tankship Corp.*, 539 F.2d 684, 686 (9th Cir. 1976); *see also United States v. Dibble*, 429 F.2d 598 (9th Cir. 1970) ("a plaintiff seeking summary judgment who has failed to produce such evidence on one or more essential elements of his cause of action is no more entitled to a judgment ... than is a plaintiff who has fully tried his case and who had neglected to offer evidence sufficient to support a finding on a material issue upon which he bears the burden of proof") (internal citations omitted).

For the Court to consider the evidence attached to a motion for summary judgment, the documents must be "authenticated by and attached to an affidavit that meets the requirements of [Fed.R.Civ.P.] 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence." *Canada*, 831 F.2d at 925 (citation omitted). A court will not find a genuine issue of material fact where the only evidence presented is "uncorroborated and self-serving" testimony. *Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1481 (9th Cir. 1996).

In *Beyene v. Coleman Security Services, Inc.*, the Ninth Circuit, referring to Federal Rule of Evidence 901(a), held that the defendants had failed to support their motion for summary judgment with admissible evidence because the exhibits attached to the motion lacked foundation. *Beyene*, 854 F.2d at 1181. The court found that one of the exhibits submitted was neither a certified copy of trial testimony nor a signed affidavit and held

that an uncertified copy of testimony was inadmissible to support a motion for summary judgment. *Id.* at 1182, n. 1, ("at least one circuit has held that 'an uncertified copy of testimony is inadmissible in a summary judgment proceeding'") quoting *Steven v. Roscoe Turner Aeronautical Corp.*, 324 F.2d 157, 161 (7th Cir. 1963). Further, the court found that a second exhibit that included copies of memoranda addressed to third parties by other third parties were not authenticated by an affidavit or declaration signed by a representative of the defendants that merely asserted the exhibits were "true and correct copies." *Beyene*, 854 F.2d at 1183. The *Beyene* court concluded that a writing is not authenticated merely because it is attached to an affidavit,

> [e]ven if the writing appears on its face to have originated from some government agency ... the foundation is laid for receiving a document in evidence by the testimony of a witness with personal knowledge of the facts who attests to the identity and due execution of the document and, where appropriate, its delivery.

*Beyene*, 854 F.2d at 1182.

Here, none of Defendants' exhibits are certified or otherwise authenticated in direct violation of Rule 56.[5] Because Defendants failed to submit affidavits from the authors and/or custodians of each of the exhibits in order to authenticate them, these exhibits lack foundation and may not be considered in support of the motion for summary judgment. *Orr*, 285 F.3d at 773; *Beyene*, 854 F.2d at 1182–83.

Based on the foregoing, and for good cause appearing, the Court concludes that Defendants have failed to support their motion for summary judgment with admissible evidence sufficient to show there are no genuine issues of material fact and that they are entitled to judgment as a matter of law. As such, the Court recommends that Defendants' motion for summary judgment, (ECF No. 66), be denied.

---

[5]   The Court has advised the Nevada Attorney General's Office on several occasions of its obligation to provide authenticating declarations when filing exhibits to a motion for summary judgment. As recently as November 3, 2023, this Court reminded the Nevada Attorney General's Office that "failure to provide authenticating affidavits *at the time of filing* may result in negative consequences for their client, including the denial of otherwise meritorious motions." *See Allen v. Daniels, et. al.*, Case No. 3:21-cv-0024-CLB, 2023 WL 7301596 at *3 (D. Nev. Nov. 3, 2023) (emphasis in original).

## IV. CONCLUSION

Accordingly, it is therefore recommended that Defendants' motion for summary judgment, (ECF No. 66), be denied.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Defendants' motion for summary judgment, (ECF No. 66), be **DENIED**.

**DATED**: November 9, 2023.

_____
UNITED STATES MAGISTRATE JUDGE