UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MOISES JOSUE CORTEZ,<br><br>　　　　　　　Plaintiff,<br>　v.<br>BRANDON STUBBS, *et al.*,<br>　　　　　　　Defendants. | Case No. 3:21-cv-00316-ART-CLB<br><br>ORDER |

## I.　SUMMARY

Plaintiff Moises Josue Cortez brings this action under 42 U.S.C. § 1983 against Defendants Shane Brown, Jesse Cox, Christopher Davis, David Drummond, Jose Guzman, Sean Johnson, Macelen Kleer, Chet Rigney, William Ruebart, Angela Searle, Brandon Stubbs, and James Weiland. Plaintiff alleges that Defendants used excessive force against him at Ely State Prison in violation of his Eighth Amendment rights. Plaintiff also alleges that Defendants were deliberately indifferent to his serious medical needs following the use of excessive force in violation of his Eighth Amendment rights. Finally, Plaintiff alleges that Defendants retaliated against him in violation of his First Amendment rights. (ECF No. 33.)

Before the Court is a Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge Carla Baldwin (ECF No. 95), recommending the Court deny Defendants' Motion for Summary Judgment (ECF No. 66). Defendants filed an objection to the R&R (ECF No. 96 ("Objection")), to which Plaintiff responded (ECF No. 97). Because the Court agrees with Judge Baldwin's analysis as to Defendants' Motion, the Court will adopt the R&R in full. Accordingly, the Court will deny Defendants' Motion for Summary Judgment.

## II.　BACKGROUND

The Court incorporates by reference Judge Baldwin's recitation of the

relevant factual background and procedural history, which the Court adopts from the R&R. (ECF No. 95 at 2.)

### III. LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Here, the Court's review is de novo on the issues raised in Defendants' Objection. Those issues are Judge Baldwin's finding that Defendants' evidence is inadmissible, and that Defendants are not entitled to qualified immunity.

### IV. DISCUSSION

Judge Baldwin's Recommendation is based on narrow grounds and can be summarized simply: none of Defendants' exhibits are certified or otherwise authenticated in violation of Fed. R. Civ. P. 56, so they lack foundation and may not be considered in support of their Motion for Summary Judgment. Defendants have therefore failed to support their Motion with admissible evidence sufficient to show that no genuine issues of triable fact exist. Thus, their Motion must be denied.

Defendants do not challenge the clear Ninth Circuit precedent Judge Baldwin cites in the Recommendation, conceding that only admissible evidence may be considered on a motion for summary judgment and that authentication is a condition precedent to admissibility. Defendants argue that while the exhibits lack authenticating declarations, the exhibits have been authenticated in other ways, including because of their distinctive appearance, because Plaintiff relied on the same documents in his Response to Defendants Motion for Summary Judgment, because Plaintiff did not object to the exhibits' authenticity, and because Defendants attached authenticating declarations to their Objection. The Court is not persuaded by Defendants' arguments.

"[U]nauthenticated documents cannot be considered on a motion for summary judgment . . . documents must be authenticated by and attached to an affidavit that meets the requirements of [Rule] 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence." *Canada v. Blain's Helicopters, Inc.*, 831 F.2d 920, 925 (9th Cir. 1987) (internal quotation marks and citations omitted). "This court has consistently held that documents which have not had a proper foundation laid to authenticate them cannot support a motion for summary judgment." *Id.* (citing *Hamilton v. Keystone Tankship Corp.*, 539 F.2d 684, 686 (9th Cir.1976); *United States v. Dibble,* 429 F.2d 598, 601–02 (9th Cir.1970)). Because Defendants failed to attach their exhibits to an authenticating affidavit, their exhibits are not admissible to support their Motion for Summary Judgment.

Further, LR 7-2(g) states that "[a] party may not file supplemental pleadings, briefs, authorities, or evidence without leave of court granted for good cause. The judge may strike supplemental filings made without leave of court." Defendants have not requested leave of court for the authenticating affidavits it attached to its Objection. The Court therefore strikes those affidavits and finds

that all of Defendants' arguments for admissibility of the exhibits attached to their Motion for Summary Judgment fail.

Because their Motion for Summary Judgment lacks evidence, Defendants cannot succeed on their qualified immunity defense. Plaintiff's arguments that force was applied maliciously and sadistically, that ten months passed between his injuries and medical care, and that Defendants' retaliatory actions chilled his First Amendment rights are all unrebutted by evidence. Each of those claims as alleged involves the violation of clearly established constitutional rights. Thus, Defendants' qualified immunity defense fails.

## V.    CONCLUSION

It is therefore ordered that Defendants' Objection (ECF No. 96) to the Report and Recommendation of U.S. Magistrate Judge Carla Baldwin is overruled. The Report and Recommendation (ECF No. 95) is therefore adopted in full.

It is further ordered that Defendants' Motion for Summary Judgment (ECF No. 66) is DENIED.

Pursuant to LR 16-5, the Court finds that it is appropriate to refer this case U.S. Magistrate Judge Carla Baldwin to conduct a settlement conference. The deadline for filing the joint pretrial order is extended until 30 days after the conclusion of the settlement conference.

DATED THIS 29th day of March 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE