**NOT FOR PUBLICATION**

FILED

JUN 5 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MOISES JOSUE CORTEZ,

Plaintiff - Appellee,

v.

BRANDON STUBBS, JOSE GUZMAN, ANGELA SEARLE, SHANE BROWN, JESSE COZ, MACELEN KLEER, CHET RIGNEY, DAVID DRUMMOND, WILLIAM REUBART, CHRISTOPHER DAVIS, SEAN JOHNSON, JAMES WEILAND,

Defendants - Appellants,

and

MATTHEW ROMAN, W. GITTERE, R. GUZMAN, SEARES, EDWARDS, HERNY,

Defendants.

No. 24-2714

D.C. No.
3:21-cv-00316-ART-CLB

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
Anne R. Traum, District Judge, Presiding

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted June 3, 2025**
San Francisco, California

Before: CALLAHAN, BADE, and KOH, Circuit Judges.

Defendants-Appellants Brandon Stubbs, Jose Guzman, Angela Searle, Shane Brown, Jesse Coz, Macelen Kleer, Chet Rigney, David Drummond, William Reubart, Christopher Davis, Sean Johnson, and James Weiland appeal the district court's denial of their motion for summary judgment asserting qualified immunity from Plaintiff-Appellee Moises Josue Cortez's claims of excessive force, deliberate indifference to serious medical needs, and retaliation in violation of his First Amendment rights.

The district court denied Defendants' motion for summary judgment and denied qualified immunity because they failed to provide authenticated evidence. Although orders denying motions for summary judgment are typically not immediately appealable under 28 U.S.C. § 1291, denials of qualified immunity at the summary judgment stage are immediately reviewable "under the collateral order exception to finality." *Ballou v. McElvain*, 29 F.4th 413, 421 (9th Cir. 2022) (citation omitted). We have jurisdiction, and we reverse.

We review a "district court's evidentiary decisions for abuse of discretion,"

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and the appellant must "establish that the error was prejudicial." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1110 (9th Cir. 2011) (internal quotation marks and citation omitted). "[A] district court abuses its discretion if it applies an incorrect legal standard to decide an issue." *Las Vegas Sands, LLC v. Nehme*, 632 F.3d 526, 532 (9th Cir. 2011).

Here, the district court declined to consider Defendants' evidence "[b]ecause Defendants failed to attach their exhibits to an authenticating affidavit," meaning "their exhibits [were] not admissible to support their Motion for Summary Judgment." However, the district court's ruling was based on case law interpreting a version of Federal Rule of Civil Procedure 56 that predates the 2010 amendments to the rule. Before 2010, Rule 56 required authenticating affidavits for documents to be considered on a motion for summary judgment. As a result of the 2010 amendments, Rule 56 now provides that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including . . . documents." Fed. R. Civ. P. 56(c)(1)(a). If a party "object[s] that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence," *id.* 56(c)(2), then "[t]he burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated," *id.*, committee note to 2010 amendments. Because the district court denied summary judgment and qualified

immunity based on an incorrect legal standard, its error was prejudicial to Defendants.

**REVERSED AND REMANDED.**[1]

[1] We decline to consider the merits of the parties' arguments regarding summary judgment and qualified immunity in the first instance. *See Ecological Rts. Found. v. Pac. Lumber Co.*, 230 F.3d 1141, 1154 (9th Cir. 2000) ("Usually, an appellate court does not consider legal issues in the first instance but instead has the benefit of the district judge's initial analysis.").