**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| MOISES JOSUE CORTEZ,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>B. STUBBS, *et al.*,<br><br>　　　　　Defendants. | Case No. 3:21-CV-00316-ART-CLB<br><br>**ORDER DENYING MOTION TO SEAL**<br><br>[ECF No. 116] |

  Before the Court is Plaintiff's motion for leave to file exhibits 1, 2, 5, and 6 under seal in support of his motion for summary judgment. (ECF No. 116.) The only basis provided for the request to seal is Plaintiff's claim that the exhibits consist of information "designated as confidential" pursuant to the parties' stipulated protective order which Plaintiff claims supports his request to seal these exhibits, and that "Defendant would not oppose the motion." (*Id*. at 2.) Plaintiff's motion does not address the proper standard for the sealing of documents in federal court nor does the motion even describe what the exhibits consist of that he is seeking to "seal." In fact, except for one of the exhibits,[1] Plaintiff did not provide the exhibits to the Court for its review in order to enable the Court to determine what, if any basis, there would be to seal these exhibits. Worse still, Defendants did not respond to the motion or explain why they supported the sealing of these exhibits.

  As this Court has previously explained in this case, (*see* ECF No. 90), a party's designation of materials as "confidential" pursuant to a stipulated protective order <u>does not</u> in turn mean that those documents are entitled to protection from public view when filed in a public legal proceeding. Rather, the Ninth Circuit has made clear "the courts of

---

[1]  Plaintiff manually filed Exhibit "6" with the Court, which is the video footage related to the incident in this case. (ECF No. 117.)

this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Courthouse News Serv. v. Planet*, 947 F.3d 581, 591 (9th Cir. 2020) (quoting *Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1069 (7th Cir. 2018)). Moreover, "the presumption of access is not rebutted" where documents which are the subject of a protective order are filed with the court as attachments to summary judgment motions. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135-36 (9th Cir. 2003).

If a party seeks to file a document under seal, there are two possible standards the party must address: the compelling reasons standard or the good cause standard. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016). The choice between the two standards depends on whether the documents proposed for sealing accompany a motion that is "more than tangentially related" to the merits of the case. *Id.* at 1099. If it is more than tangentially related, the compelling reasons standard applies. *Id.* at 1097-98. If not, the good cause standard applies. *Id.*

Here, Plaintiff seeks to file certain exhibits under seal in connection with his motion for summary judgment, which is "more than tangentially related" to the merits of a case. Therefore, the compelling reasons standard applies.

Under the compelling reasons standard, "[a] court may seal records 'only when it finds a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *United States v. Carpenter*, 923 F.3d 1172, 1179 (9th Cir. 2019) (alteration in original) (quoting *Ctr. for Auto Safety*, 809 F.3d at 1096-97). Finding a compelling reason is "best left to the sound discretion" of the Court. *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)).

Here, Plaintiff has sought leave to file the exhibits at issue under seal pursuant to the party's stipulated protective order. However, Plaintiff has failed to provide any information about what the exhibits are that he seeks to seal. In fact, except for one exhibit, Plaintiff did not even provide the exhibits to the Court to do its own independent

review. In addition, the motion does not provide any legal authorities or attempt to explain how the compelling reason standard is met to support these exhibits being placed under seal. Therefore, it is unclear on what basis or what argument Plaintiff believes supports these records being filed under seal in this case.

Moreover, the Court has reviewed the single exhibit that Plaintiff did file with the Court, the video footage within the facility. (ECF No. 117.) Videos of incidents occurring in prisons are routinely received in other inmate civil rights cases and are rarely, if ever, filed under seal. There is nothing within this video footage that the Court finds warrants sealing of this exhibit.

To the extent that Defendants provided these records as "confidential" pursuant to the protective order, Defendants did not respond to this motion nor provide any additional basis for the sealing of these exhibits.

Therefore, Plaintiff has failed to establish the compelling reasons standard in this case and the motion must be denied. Therefore, Plaintiff's motion to seal, (ECF No. 116), is **DENIED.**

Accordingly, Plaintiff is ordered to file Exhibits 1, 2, and 5 as errata to his motion for summary judgment by no later than **Friday, November 21, 2025**.

**IT IS SO ORDERED.**

DATED: November 13, 2025

_____
UNITED STATES MAGISTRATE JUDGE