UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MOISES JOSUE CORTEZ,<br><br>                    Plaintiff,<br><br>v.<br><br>BRANDON STUBBS, *et al.*,<br><br>                    Defendants. | Case No. 3:21-CV-00316-ART-CLB<br><br>**ORDER TO FILE<br>SUPPLEMENTAL BRIEFING** |

Currently pending before the Court is Plaintiff Moises Josue Cortez's ("Cortez") motion for summary judgment and to strike affirmative defenses, (ECF No. 115), and Defendants' motion for summary judgment, (ECF No. 114). In his motion, Cortez argues, *inter alia*, Defendants failed to allege sufficient facts to support their affirmative defense that he failed to exhaust his administrative remedies, and it should therefore be stricken. (ECF No. 115 at 22-24.) In response, Defendants argue Cortez failed to file any grievances related to the underlying assault and the Court should therefore "grant Defendants summary judgment based on exhaustion," an argument Defendants do not make in their own motion for summary judgment. (ECF No. 122 at 10-12.) Thus, for the first time in their opposition to Cortez's motion to strike Defendants argue they are entitled to summary judgment based on exhaustion.

The Court has reviewed the filings, and it appears, at least based on the current record, Defendants have a credible argument Cortez failed to exhaust. The Court is therefore considering *sua sponte* granting summary judgment in favor of Defendants. *See* Fed. R. Civ. Proc. 56(f). Given the irregular posture related to how this issue was raised, the Court finds supplemental briefing is appropriate so the Parties can fully present and develop their arguments and to fully develop the evidentiary record on the issue of exhaustion. *See Norse v. City of Santa Cruz*, 629 F.3d 966, 971-72 (9th Cir. 2010) (requiring district courts to give the parties reasonable notice to respond before granting

summary judgment *sua sponte*).

**IT IS THEREFORE ORDERED** that the Parties shall submit supplemental briefing addressing:

1. Whether or not Cortez properly exhausted his administrative remedies;

2. Which of Cortez's claims Defendants' failure to exhaust argument applies to;

3. Whether Cortez can avail himself of any exception to the Prison Litigation Reform Act's exhaustion requirement; and

4. Any other information related to the issue of exhaustion the Parties believe would be helpful to the Court.

**IT IS FURTHER ORDERED** that the Parties shall submit their briefing according to the following timeline:

1. Defendants, who bear the burden of showing Cortez failed to exhaust, shall submit their opening brief on or before **Friday, January 23, 2026**.

2. Cortez shall submit his response to Defendants' opening brief on or before **Friday, February 6, 2026**.

3. Defendants shall submit their reply to Cortez's response on or before **Friday, February 13, 2026**.

**IT IS FURTHER ORDERED** that any exhibits the Parties wish to rely on must be attached to their supplemental brief. <u>The Court will not consider references to previously filed exhibits.</u>

**DATED**: January 8, 2026

_____
**UNITED STATES MAGISTRATE JUDGE**